J-S04025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD J. ZIMMER | : | |
| | : | |
| Appellant | : | No. 1362 MDA 2018 |

Appeal from the PCRA Order Entered July 18, 2018
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0001301-2009

BEFORE:   SHOGAN, J., OTT, J., and STEVENS[*], P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 26, 2019**

Edward J. Zimmer appeals from the order entered July 18, 2018, in the Cumberland County Court of Common Pleas dismissing, as untimely filed, his first petition for collateral relief filed Pursuant to the Post Conviction Relief Act ("PCRA").[1]   Zimmer seeks relief from the judgment of sentence of an aggregate term of five to 10 years' imprisonment, imposed on May 4, 2010, following his guilty plea to five counts of possession with intent to deliver controlled substances ("PWID"), two counts of criminal conspiracy, and one count of corrupt organizations.[2]   On appeal, he argues the PCRA court erred

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 42 Pa.C.S. §§ 9541-9546.

[2] **See** 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. §§ 903 and 911(b)(3), respectively.

in denying his petition without a hearing, and refusing to modify his illegal sentence. For the reasons below, we affirm.

The facts underlying Zimmer's arrest and conviction are well-known to the parties, and need not be recited herein. In summary, Zimmer and his cohorts ran a drug trafficking ring, which transported large quantities of marijuana and cocaine from California to Cumberland and Dauphin Counties for distribution. *See* N.T., 2/23/2010, at 5-6. On February 23, 2010, Zimmer entered a guilty plea to the above-stated charges. In exchange for the plea, the Commonwealth agreed to *nolle pros* one additional count of corrupt organizations, and seek a mandatory sentence on only two offenses. *See id.* at 3-4. Moreover, the parties agreed Zimmer would be sentenced to an aggregate term five to 10 years' imprisonment, with credit for time-served beginning from the date of his arrest, April 20, 2009. *See id.* at 4. The court ordered a presentence investigation report, and Zimmer returned for sentencing on May 4, 2010. At that time, the trial court imposed the sentence provided for in the plea agreement. Zimmer did not file a direct appeal.

Thereafter, on March 12, 2018, Zimmer filed a *pro se* PCRA petition, claiming his sentence is illegal, and plea counsel was ineffective for advising him to enter a guilty plea. New counsel was appointed, and filed an amended petition on May 14, 2018. On June 21, 2018, the PCRA court sent Zimmer notice of its intent to dismiss the petition as untimely filed, pursuant to Pa.R.Crim.P. 907, without first conducting an evidentiary hearing. Zimmer

did not file a response. Accordingly, on July 18, 2018, the court dismissed Zimmer's petition as untimely. This appeal follows.[3]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, "a PCRA court may decline to hold a hearing on the petition if petitioner's claim is patently frivolous or lacks support from either the record or other evidence." *Commonwealth v. duPont*, 860 A.2d 525, 530 (Pa. Super. 2004) (citation omitted), *appeal denied*, 889 A.2d 87 (Pa. 2005), *cert. denied*, 547 U.S. 1129 (2006).

Here, the PCRA court concluded Zimmer's petition was untimely filed. *See* PCRA Court Opinion, 10/25/2018, at 2. We agree.

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. *Id.*

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

---

[3] On August 20, 2018, the PCRA court ordered Zimmer to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Zimmer complied with the court's directive, and filed a concise statement on September 10, 2018.

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S. § 9545(b)(1). Zimmer's judgment of sentence was final on June 3, 2010, 30 days after sentence was imposed and Zimmer failed to file a direct appeal. **See** Pa.R.Crim.P. 720(A)(3). Therefore, he had until June 3, 2011, to file a timely PCRA petition. The one before us, filed on March 12, 2018, is manifestly untimely. Moreover, Zimmer did not plead or prove that his petition met one of the time-for-filing exceptions set forth at 42 Pa.C.S. § 9454(b)(1).

Nevertheless, Zimmer insists:

> [A]lthough his claim was not raised within the timeliness requirements of the Post Conviction Relief Act, the PCRA Court could still consider his claim pursuant to the court's inherent jurisdiction to modify or rescind an illegal order absent statutory jurisdiction where the case involves clear errors in the imposition of a sentence that was incompatible with the record or black letter law.

Zimmer's Brief at 9. Relying upon the Pennsylvania Supreme Court's decision in **Commonwealth v. Holmes**, 933 A.2d 57 (Pa. 2007), Zimmer argues a trial court retains the power to correct obviously illegal sentencing orders outside the appeal period. **See** Zimmer's Brief at 10. He further contends this Court's ruling in **Commonwealth v. Kelley**, 136 A.3d 1007 (Pa. Super. 2016), where a panel granted relief to a defendant under facts "nearly identical" to those herein, is dispositive. Zimmer's Brief at 11.

Conversely, the Commonwealth insists "Zimmer's case is distinguishable from both **Holmes** and **Kelley**." Commonwealth's Brief at 10. We agree.

- 4 -

In **Holmes**, the Pennsylvania Supreme Court considered whether the trial courts, in two consolidated appeals, properly exercised their authority to correct "allegedly illegal sentencing orders absent jurisdiction pursuant to 42 Pa.C.S. § 5505[4] or the PCRA[.]" **Holmes**, **supra**, 933 A.2d at 65. **See id.** at 58 ("We granted review in these two cases to consider the interaction between a statute limiting the period of time during which a trial court may modify or rescind an order and the long-standing, inherent power of courts to correct patent errors in orders.") (footnote omitted). In one case, the defendant's sentencing order "contained a patent mistake." **Id.** at 66. Although the order indicated the defendant's "parole was revoked," the court imposed a new term of incarceration, rather than simply recommitting the defendant for the remainder of his original sentence. **Id.** at 66. **See Commonwealth v. Kalichak**, 943 A.2d 285, 290 (Pa. Super. 2008) ("[T]he only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence."). Nearly one year later, the trial court vacated the sentencing order *sua sponte*. **See id.** In the second case, the trial court imposed a new sentence for the defendant's violation of probation, despite the fact that probation had never been imposed. **See id.** Again, a year later, the trial court recognized the error and vacated the sentencing order.

---

[4] Section 5505 permits a trial court to modify or rescind an order within 30 days after its entry, provided no appeal is filed. **See** 42 Pa.C.S. § 5505.

The Supreme Court found both trial court's properly exercised their inherent power to correct their own mistakes. In the first case, "the error of the sentence was clear from the order and the docket sheet," since a court may not impose a new sentence upon the revocation of parole. *Id.* Although the Court found the mistake in the second case was not apparent on the face of the order, it was obvious upon a review of the Quarter Session notes. *See id.* The Supreme Court, however, recognized that while trial courts possess inherent power to correct patent errors, that power is not unlimited:

> This exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the exception to the cases at bar, we note that it is the **obviousness of the illegality, rather than the illegality itself**, that triggers the court's inherent power. Not all illegal sentences will be amenable to correction as patent errors. Moreover, the inherent power to correct errors does not extend to reconsideration of a court's exercise of sentencing discretion. … These cases involve clear errors in the imposition of sentences that were incompatible with the record, … or black letter law[.] As we have in the past, we emphasize that this is a limited judicial power.

*Id.* at 66–67 (emphasis supplied).

The facts in the present case do not fall under the limited exception set forth in *Holmes*. Zimmer's claim - that the sentence imposed by the trial court was illegal because he was statutorily required to serve his backtime on his state parole sentence before the sentence on his new charges - is not the type of patent error discussed in *Holmes*. In fact, his sentencing order does not even mention the parole violation, and states only he "is to be given credit from April 21st, 2009[.]" Order, 5/4/2010. Accordingly, we conclude this case

is distinguishable from **Holmes**. Rather than an illegal sentencing claim, Zimmer's issue is better characterized as a challenge to the voluntariness of his plea, that is, he agreed to the plea agreement not knowing he had to serve his state parole backtime before the sentence imposed in this case could begin to run.

Nonetheless, Zimmer insists this Court's decision in **Kelley** is dispositive. In **Kelley**, the defendant entered a guilty plea with an agreed-upon aggregate sentence of 21 to 60 months' imprisonment. **See Kelley**, **supra**, 136 A.3d at 1010. Pursuant to the plea agreement, the trial court also "designated the effective date of the sentence as June 12, 2013[,]" the date of the defendant's arrest. **Id.** (quotation omitted). However, while he was incarcerated, the defendant learned the start date of his sentence was actually two years later, because he was recommitted to serve backtime for a state parole violation. **See id**. at 1011. The defendant filed a timely PCRA petition asserting he was "enticed to enter a guilty plea based on the promise of a sentence that, while imposed, was illegal per statute and incapable of implementation." **Id.** Although the PCRA court denied relief, a panel of this Court reversed on appeal.

The panel first explained that, pursuant to Section 6138 of the Parole Act, "where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence." **Id.** at 1013, *citing* 61 Pa.C.S. § 6138(a)(5)(i). Therefore, the agreement, which formed part of the plea deal, that the defendant's new sentence would start on the

date of his arrest could not be honored. *See id.* at 1014. The *Kelley* panel opined:

> Instantly, Appellant entered into an agreement with the Commonwealth to plead guilty in exchange for a definite sentence with a specific start date. At the time of the plea bargain, the state had already decided to recommit Appellant to serve the backtime he owed on his original state parole sentence. Nevertheless, counsel negotiated the plea bargain on Appellant's behalf with an effective start date of June 12, 2013, the date he was arrested for his new offenses. Nothing in the record indicates counsel advised Appellant of the statutory sequence for serving his old and new sentences. Moreover, neither the Commonwealth nor the court advised Appellant that his negotiated sentence could not be honored as stated or imposed. Appellant entered his plea on the advice of plea counsel whose knowledge of the Parole Act was deficient and fell below the range of competence demanded of attorneys in criminal cases. Therefore, we are compelled to conclude that Appellant's decision to plead guilty was not knowing, voluntary and intelligent. The sentence imposed was illegal because it violated the Parole Act. Thus, plea counsel was ineffective for advising Appellant to accept a plea bargain that called for an illegal sentence.

*Id.* at 1014 (internal citations omitted). Accordingly, the *Kelley* panel granted the defendant relief based upon the ineffectiveness of plea counsel, that led him to enter an unknowing and involuntary plea. The defendant properly raised his claim in a timely PCRA petition.

Here, as explained *supra*, Zimmer's PCRA petition is untimely filed, and Zimmer failed to plead or prove any of the three time-for-filing exceptions to the PCRA. *See* 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii) (failure to raise the claim previously was due to (1) interference by government officials, (2) newly discovered facts that could not have been obtained by due diligence, or (3) a newly recognized constitutional right). There is no timing exception for an

illegal sentence. Rather, we emphasize our Supreme Court's longstanding holding: "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). ***Accord Commonwealth v. Washington***, 179 A.3d 37, 43 (Pa. Super. 2017). Accordingly, the facts in the present case are readily distinguishable from those in ***Kelley***, and Zimmer is entitled to no relief.

Consequently, we find no error on the part of the PCRA court in failing to conduct a hearing on Zimmer's claim, because we agree with the court's determination that the petition was untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2019